UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS D. HUMPHREY, SR., | 1: 06 CV 01064 OWW  WMW  HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 9] |
| B. CURRY, | |
| Respondent. | Objections due in 20 days |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

Petitioner was convicted of second degree burglary, receiving stolen property and petty theft with a prior.  A number of sentencing enhancements were found true.  On April 29, 1999, the Sacramento County Superior Court sentenced Petitioner to an indeterminate state prison term of twenty-five years to life.

Petitioner filed a direct appeal and on July 26, 2001, the California Court of Appeal, Third

Appellate District ("Court of Appeal"), reversed the petty theft conviction and affirmed the judgment in all of the respects. On January 28, 2003, after granting Petitioner's motion to recall the earlier opinion[1], the Court of Appeal again reversed the petty theft conviction and affirmed the judgment in all other respects. On April 9, 2003, the California Supreme Court denied review.

Petitioner subsequently filed three pro se post-conviction collateral challenges to his conviction:

First Petition

    July 12, 2004: Petition for post-conviction relief filed in the Court of Appeal

    July 15, 2004: Petition denied

Second Petition

    September 28, 2004: Petition for post-conviction relief filed in the California Supreme Court

    August 10, 2005: Petition denied

Third Petition

    August 1, 2005: Petition for post-conviction relief filed Superior Court

    August 22, 2005: Petition denied.

Petitioner filed the present petition for writ of habeas corpus on August 14, 2006.

## LEGAL STANDARD

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Sacramento County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

---

[1] The motion was based on Petitioner's court appointed appellate counsel having been involuntarily placed on inactive status during a portion of the time that Petitioner's appeal was pending.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

STATUTE OF LIMITATIONS

Respondent moves to dismiss this petition on the grounds that it was filed beyond the one-year statute of limitations and contains unexhausted claims. Petitioner opposes the motion.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a Petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a Respondent's Motion to Dismiss as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, the California Supreme Court denied review on April 9, 2003. The state appeal process became "final" within the meaning of § 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety days later, on July 8, 2003. Supreme Court Rule 13; Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The one-year statute of limitations period commenced running the following day: July 9, 2003. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)(citing Fed.R.Civ.Pro. 6(a)). Thus, the court finds that absent any tolling, the last day to file a federal petition for writ of habeas corpus was July 8, 2004.

The court further finds that the statute of limitations began running on July 8, 2003, and continued running until July 7, 2004, the date Petitioner's first state post-conviction petition was filed under the mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988). As a result, 363 of the 365 day statute of limitations had expired by the time Petitioner filed the first state habeas corpus petition.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral

challenge."[2] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005.

In this case, Respondent concedes that the statute of limitations was tolled during the time that Petitioner's first and second petitions were pending in state court. He also assumes, for the sake of argument that Petitioner is entitled to "gap" tolling under Nino for the time between the first and second petitions. Respondent does argue, however, that Petitioner is not entitled to tolling for the period in which his third petition was pending in state court. This court must agree. Petitioner's third petition was filed in Superior Court on August 1, 2005, before his second state petition was denied. In denying the third petition, the court expressly found the petition to be untimely filed, and cited to In re Robbins, 18 Cal.4th 770 (1998) and In re Clark, 5 Cal.4th 750 (1993). Accordingly, the third petition cannot be considered to be properly filed so as to provide for tolling within the meaning of § 2244(d)(2). See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)(a petition for writ of habeas corpus rejected by a state court as untimely is not "properly filed" within the meaning of the tolling provisions of the AEDPA); Thorson v. Palmer, 479 F.3d 643 (9th Cir. 2007)(holding that California Supreme Court's citation to Robbins was a clear ruling that Thorson's petition was untimely and therefore not properly filed). Therefore, the court finds that even with tolling during the pendency of the first and second state post-conviction collateral challenges, the statute of limitations expired on August 12, 2005, absent any equitable tolling.

---

[2]In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.

In this case, Petitioner claims in his opposition to the motion to dismiss that he mailed a petition for writ of habeas corpus with the Superior Court on November 24, 2003. Petitioner states that he never received any indication from the court on the merits of his petition, and that he wrote repeatedly to the court to inquire regarding the status of his petition. He provides a copy of a response by the Superior Court, indicating that it had no record of receiving such a petition. He also provides a copy of institutional mailroom records indicating that he mailed something to the superior court on November 24, 2003. He also provides a copy of a petition for writ of mandate he filed in the Court of Appeal, seeking to compel the Superior Court to respond to his petition filed November 26, 2003. This petition for writ of mandate is dated May 5, 2004. Respondent has not responded to Petitioner's contention that he is entitled to equitable tolling.

The court finds that such a factual scenario, whether it actually amounts to the loss of Petitioner's papers at the institution, in the mail, or at the Superior Court, is an example of external forces beyond Petitioner's control preventing him from filing a timely claim. Under these extraordinary circumstances, the court finds that the statute of limitations ran from July 9, 2003, after his state appeal process became final, until November 26, 2003, when he filed his original petition in Superior Court under the mailbox rule. Petitioner is then entitled to equitable tolling from

1  November 26, 2003, until he filed his petition for post-conviction relief in the Court of Appeal on
2  July 12, 2004.  Had Petitioner's original petition for post-conviction relief been received by the
3  Superior Court, there would have been no need for him to file the later petition on August 1, 2005.
4  Thus the court finds that Petitioner is entitled to equitable tolling from the denial of his petition filed
5  in the California Supreme Court to the date he filed the present petition in this court.  Therefore, only
6  a total of approximately four and one half months of the statute of limitations ran before Petitioner
7  filed the present petition, and the present petition is timely.

8  Accordingly, to the extent that Respondent's motion to dismiss is based on the claim that this
9  petition is barred by the statute of limitations, it must be denied.

10 EXHAUSTION

11 Respondent moves to dismiss this petition on the ground that it is a mixed petition,
12 containing both exhausted and unexhausted claims.  Specifically, Respondent contends that
13 Petitioner has not exhausted his state judicial remedies as to ground 1 (insufficient evidence); ground
14 4(b)(the trial court erred when it denied Petitioner's motion for a new trial); and ground 7(b)(the trial
15 court violated the terms of his 1977 plea agreement in 1999 when it used the 1977 conviction to
16 impose a strike in the 1999 conviction).

17 A petitioner who is in state custody and wishes to collaterally challenge his conviction by
18 a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).
19 The exhaustion doctrine is based on comity to the state court and gives the state court the initial
20 opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501
21 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198,
22 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

23 A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
24 full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v.
25 Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.
26 1996).  A federal court will find that the highest state court was given a full and fair opportunity to
27 hear a claim if the petitioner has presented the highest state court with the claim's factual and legal
28 basis.  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v.

Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.

In response to Respondent's motion, Petitioner does not contend that all of his claims in his petition are exhausted. Rather, he asks the court to allow him to amend his petition to raise only grounds 5, 6 and 7(b). Petitioner does not claim that he has exhausted ground 7(b), but states that he included the claim based on new relevant case law he discovered around the time he filed the present petition. The court finds that based on Petitioner's own description, ground 7(b) is clearly unexhausted. Therefore, under the above legal authorities, the court cannot allow that ground to go forward. It will, however, allow Petitioner's petition to go forward on the two exhausted grounds identified by Petitioner.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1) That Respondent's motion to dismiss be DENIED IN PART AND GRANTED IN PART;

2) That this case be ordered to proceed on grounds 5 and 6 only; and

3) Respondent be ordered to file a response on the merits to grounds 5 and 6.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **TWENTY (20)** days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 11, 2008              /s/  William M. Wunderlich
                                        UNITED STATES MAGISTRATE JUDGE