1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8
9

| | | |
|---|---|---|
| JULIUS D. HUMPHREY, SR. | ) | 1:06-cv-01064-OWW-JMD-HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF |
| v. | ) ) | HABEAS CORPUS |
| B. CURRY, | ) ) | |
| Respondent. | ) ) | OBJECTIONS DUE WITHIN THIRTY DAYS |

Petitioner Julius D. Humphrey, Sr. ("Petitioner") is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## **Procedural History**

On April 1, 1999 a jury convicted Petitioner of second degree burglary, receiving stolen property, and petty theft. (Pet. at 1). The jury also found that Petitioner had suffered two prior convictions and had served three prior prison terms. (Lod. Doc. 1). Petitioner was sentenced to twenty-five years to life. (Id)

The California Court of Appeal reversed Petitioner's petty theft with a prior conviction but affirmed the remainder of Petitioner's conviction and sentence on January 28, 2003. (Pet. at 2). The California Supreme Court denied Petitioner's petition for review on April 9, 2003. (Pet. at 2).

On August 22, 2005 the Sacramento County Superior Court denied Petitioner's state habeas petition. (Lod. Doc. 5).

///

1    The California Court of Appeal denied Petitioner's state habeas petition on July 15, 2005.

2    (Lod. Doc. 7).

3    The California Supreme Court denied Petitioner's state habeas petition on August 11, 2005.

4    (Lod. Doc. ).

5    Petitioner filed the instant federal petition for writ of habeas corpus on August 14, 2006.

6    (Doc. 1).

7    On February 11, 2008, the Court issued a Findings and Recommendation recommending that

8    Respondent's motion to dismiss be granted in part and denied in part.  (Doc. 16).  The District Judge

9    adopted the Findings and Recommendation in full on February 11, 2009, dismissing all of

10   Petitioner's claims for relief except claims 5 and 6.  (Doc. 24).[1]

11   Respondent filed an answer to the petition on June 25, 2009.  (Doc. 31).

12   **Factual Background**

13   John Avila went to the California State Fair. He parked his pickup truck with the
     doors locked and the windows rolled up. When he returned four hours later, the wing
14   window was open and the driver's window was down three or four inches. He tried to
     start the truck but it would not start. He opened the hood and discovered his battery
15   was missing. He reported the theft.

16   Bruce Brabec and Julie Jeffs were working as State Fair Police. They heard the radio
     report of the stolen battery. Brabec saw an individual working on a vehicle on
17   Exposition Boulevard. The hood was up and the trunk was open. Humphrey was
     under the hood and Pittman was on the sidewalk. With Jeffs following, Brabec made
18   a U-turn and approached the vehicle. When he arrived the trunk was closed. Under
     the hood was a disconnected battery.
19
     Jeffs recognized Humphrey as someone she had seen in a State Fair parking lot
20   earlier. She recognized the distinctive color of his shirt. She asked him if she had seen
     him and he said no. Jeffs was 80 percent sure she had seen Humphrey earlier.
21   Pittman reported the car was her cousin's and she did not have a key to the trunk. A
     tow truck arrived and the trunk was opened. Inside was Avila's battery. Avila
22   identified it by the brand and date stamp.

23   Jeffs advised Pittman she was being arrested for receiving stolen property and Pittman
     responded, "'But I told you there was a battery, which battery are you talking about.'"
24   The key to the trunk was later found in Pittman's underwear.

25   Humphrey's right palm print was found on the hood of Avila's truck. Humphrey
     testified he had been friends with Pittman for 15 to 20 years. Pittman was driving
26

27   _____
     [1] Due to a clerical error, and order purporting to adopt the Findings and Recommendation in March of 2008 mistakenly
28   dismissed all of Petitioner's claims rather than dismissing only the unexhausted claims as discussed in the Findings and
     Recommendation.  (*See* Doc. 17).

when the car began sputtering. She pulled off the freeway and the car stalled on Exposition Boulevard. She got out to go get a jump, while Humphrey stayed in the car. He was nodding off because he was using heroin, that he had just purchased in Del Paso Heights. Some time later, Pittman returned with a friend. She told Humphrey they needed his help to close the friend's hood. Humphrey went with them to a truck. He tried to close the hood, but had trouble. He asked whose truck it was; when the friend said she did not know, Humphrey got spooked and went back to the car. He was trying to fix the battery when the police arrived. He was hooking up the cables that had been disconnected earlier when the car stalled. He explained the battery cables had been disconnected so the fan would not run.

(Lod. Doc. 1 at 2-4.)

**Discussion**

**II.     Standard of Review**

Section 2254 "is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1126 (9th Cir. 2006) (quoting *White  v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004)).  Under section 2254, a petition for habeas corpus may not be granted unless the state court decision denying Petitioner's state habeas petition "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or  "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly...rather, that application must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citations omitted).

**III.     Petitioner's Claims**

The petition presents two claims: 1) "the trial court abused its discretion by denying [Petitioner's] motion to strike one of the prior convictions to avoid the effect of the three-strikes penalty; " and 2) "[Petitioner] has suffered cruel and unusual punishment in violation of the eight amendment to the United States Constitution by imposition of a life term in stare prisoin with a 25-year minimum, for a current offense involving automobile burglary and small property loss."  (Pet. at 8).[2]

---

[2] Page citations in this order correspond to the PDF pagination for documents available on the CM/ECF website.

**A. Petitioner's Romero[3] Claim**

Petitioner contends that the sentencing court "abused its discretion" in denying Petitioner's request to strike one of Petitioner's prior felony convictions for the purposes of sentencing.  (Pet. at 8).[4]  Alleged error in the application of state sentencing laws is not cognizable in a federal habeas action unless the error implicates a constitutional right.  *See Fetterly v. Paskett*, 997 F.2d 1295, 1300 (9th Cir. 1993) (state sentencing error cognizable in habeas action only to the extent error implicated prisoner's right to due process) *cert. denied*, 513 U.S. 914 (1994).  In some instances, a sentencing court's error of law may implicate a defendant's due process rights.  *See Ballard v. Estelle*, 937 F.2d 453, 456-67 (9th Cir. 1991) (noting that sentencing defendant under a statute that does not apply to the defendant's crime could violate due process); *see also Fetterly* 997 F.2d at 1300 (noting the possibility that failure to consider mitigation criteria, as required by statute, could render imposition of death penalty unconstitutional).  Here, however, Petitioner does not allege that the alleged sentencing error of which he complains implicates a constitutional right.[5]  Petitioner contends merely that the sentencing court abused its discretion.  This Court may not disturb the California Court of Appeal's finding that the sentencing court's denial of Petitioner's Romero motion was not an abuse of discretion.  *E.g. Estelle v. McGuire,* 502 U.S. 62, 68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

**B.  Eighth Amendment Claim**

The California Court of Appeal rejected Petitioner's Eighth Amendment claim in the last reasoned decision provided by the State:

---

[3] In *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (Cal. 1996), the California Supreme Court held that a trial court may, in the interest of justice, strike an allegation that a defendant committed prior serious felonies pursuant to its authority under California Penal Code section 1385.

[4]  The California Court of Appeal rejected Petitioner's contention and held that the trial court did not abuse its discretion given Petitioner's criminal history.  (Lod. Doc. 1 at 11-13).

[5]  Petitioner's allegations do not implicate the type of liberty interest discussed in *Ballard* and *Fetterly*. Petitioner's interest in having a prior conviction stricken under California Penal Code § 1385(a) pales in comparison to the liberty interests at stake in *Ballard* and *Fetterly*.  In *Ballard*, the liberty interest implicated by the petitioner's allegation was the right to not be sentenced under a statute which the legislature did not intend to apply to petitioner's crime; in other words, the right to be free from unauthorized punishment.  937 F.2d at 456-67  In *Fetterly*, the petitioner alleged that the sentencing court failed to follow its statutory commands in sentencing petitioner to death for his crimes.  997 F.2d at 1300. Petitioner points to no authority which supports the proposition that a prisoner has a protected liberty interest in having a prior conviction stricken.

1   Humphrey contends his sentence of 25 years to life for automobile burglary violates
the Eighth Amendment's proscription against cruel and unusual punishment. He
2   contends the sentence is grossly disproportionate to his offense. We find no
constitutional infirmity.
3
"The basic fallacy of appellant's argument lies in his failure to acknowledge that he 'is
4   not subject to a life sentence merely on the basis of his current offense but on the
basis of his recidivist behavior. Recidivism in the commission of multiple felonies
5   poses a manifest danger to society[,] justifying the imposition of longer sentences for
subsequent offenses. [Citation.]' [Citation.]" (People v. Stone (1999) 75 Cal.App.4th
6   707, 715.) A 25-year to life sentence based on recidivism is not cruel and unusual
punishment. (Ibid.; see also People v. Romero (2002) 99 Cal.App.4th 1418,
7   1424-1433 [upholding 25-year-to-life sentence under Three Strikes law where third
strike is petty theft].)
8

9    (Lod. Doc. 1 at 13-14).

10       The Eighth Amendment of the United States Constitution prohibits states from imposing

11   sentences that are grossly disproportionate to the crimes committed.  *E.g. Gonzales v. Duncan*, 551

12   F.3d 875, 879-880 (9th Cir. 2008); *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003).  The precise

13   contours of Eighth Amendment's gross proportionality principle are unclear, but it is applicable only

14   in exceedingly rare, extreme cases.  *Id*. at 72-3.   In determining whether a prisoner's sentence under

15   a recidivist statute is so disproportionate to the crime that it violates the Eighth Amendment, federal

16   courts must take into account the state's interest in punishing a recidivist more severely than it

17   punishes a first offender.  *E.g. Gonzales*, 551 F.3d at 887.   Where an offense indicates a propensity

18   to recidivate in light of a person's criminal history, the state's interest in deterring and incapacitating

19   recidivist offenders is more likely to justify a severe sentence.  *Id*.

20       Petitioner's crime clearly reveals Petitioner's propensity to recidivate, as Petitioner's criminal

21   history is rife with instances of burglary and left.  (Lod. Doc. 1 at 7-10).  Further, in addition to

22   several property related crimes, Petitioner's criminal record also includes serious crimes such as

23   kidnaping  with use of a butcher knife, false imprisonment, and battery.   (Id.).  In *Lockyer*, the

24   Supreme Court held that a prisoner was not entitled to relief under the AEDPA standard of review

25   where the state courts upheld a prisoner's two consecutive twenty-five to life sentences in connection

26   with a conviction for a petty theft of approximately one-hundred fifty dollars worth of videotapes.

27   538 U.S. at 66-7.  The High Court held that in light of the prisoner's criminal history, which included

28   convictions for misdemeanor theft, burglary, and transportation of marijuana, it was not objectively

1  unreasonable for the state court to reject the prisoner's Eighth Amendment claim based on the

2  prisoners recidivist nature.  *Id*. at 66-67; 73-74.  Here, because Petitioner's sentence is no more

3  disproportionate to his crime than the sentence countenanced by the Supreme Court in *Lockyer* in

4  regards to a similar crime, the California Court of Appeal's rejection of Petitioner's claim was not

5  objectively unreasonable.  Petitioner's criminal history is more serious than the prisoner's history in

6  *Lockyer*, as Petitioner's record includes violent crimes such as battery and kidnaping.  Thus, if two

7  consecutive twenty-five year sentences for the crime of petty theft did not warrant habeas relief under

8  AEDPA in *Lockyer*, *a fortiori*, Petitioner is not entitled to relief.

9  <u>**Recommendation**</u>

10       This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United

11  States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of

12  the Local Rules of Practice for the United States District Court, Eastern District of California.

13  Within thirty (30) days after being served with a copy, any party may file written objections with the

14  court and serve a copy on all parties.  Such a document should be captioned "Objections to

15  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

16  filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.

17  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c).

18  The parties are advised that failure to file objections within the specified time may waive the right to

19  appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

20  IT IS SO ORDERED.

21  **Dated:**   **April 21, 2010**                    **/s/ John M. Dixon**

                         UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28